COSHOCTON GLASS CO. v. NORTHWESTERN MUTUAL LIFE INS. CO. ET AL.

ASSIGNMENT OF LIFE POLICY TO CORPORATION HAVING INTEREST IN LIFE OF INSURED MAY BE PREDICATED UPON INTENTION OF INSURANCE COMPANY TO DELIVER TO CORPORATION.

G having decided to accept a policy issued upon his life with his wife named as beneficiary, it was thereafter agreed that on account of the interest which the corporation of which G was an officer had in a continuance of his life, that the policy in question should be delivered to the corporation, which should pay the premiums coming due thereunder and should become the payee thereof: *Held*, That the corporation had an insurable interest in the life of G, and that the intention of the insurance company to deliver the policy to the corporation and of the corporation to accept it operated under the circumstances as an assignment of the policy to the corporation without the formality of a written contract of assignment.

[Syllabus by the court.]

APPEAL from Coshocton common pleas court.

This case was tried in the court of common pleas upon the issues made in the pleadings and evidence, resulting in a finding and judgment in favor of the plaintiff, the Coshocton Glass Company. Appeal was taken to this court, and was submitted to the court upon the pleadings and evidence. By the agreement of the parties, the testimony, evidence and exhibits that were introduced in the court below by the plaintiff and defendants respectively, were introduced and used by the parties respectively as evidence, being all the evidence that was offered or submitted to the court on the trial of this case in the circuit court:

Thereupon, the court upon request of the parties separately stated its finding of facts and conclusions of law as follows, to-wit:

1. That the Coshocton Glass Co. is a corporation under the laws of Ohio, having been incorporated in March, 1904, for the purpose of manufacturing, selling and dealing in glass bottles, glass jars and all other forms and kinds of glass ware, and of doing all other acts and things incidental to or connected with said business.

2. That said the Coshocton Glass Company was organized by said decedent, Thomas J. Gainor, E. K. Sober and E. C. VanHorn, that said three men were the principal stockholders of said company, owning and holding all of the common stock from the time of its organiza-

tion until about January 12, 1906, and at the time of the application for and issuance of the policy sued on in the petition, said three men owning all of the common stock, and were executive officers of the company, that is, E. K. Sober was the president, Thomas J. Gainor the vice-president and general manager, and E. C. VanHorn the secretary and treasurer; and further, that during all of said time from the organization of the company to January 12, 1906, the said Thomas J. Gainor was the vice-president and general manager of said company.

3. That at the time of the organization of said company and at the time of the application for an issuance of the policy set forth in the petition, the said Thos. J. Gainor was a man of wide experience in the practical management and conduct of the glass manufacturing and bottle blowing business; that he was devoting his entire time to promoting said company and building up its business; that his life was of great importance and financial value to said company, and that he was the only man in the executive force of said company who had experience in business of the nature for which this company was organized; and that said Gainor continued in such position and relation to said company until about September 1, 1906.

4. That prior to August 26, 1904, said Thomas J. Gainor, E. K. Sober and E. G. VanHorn entered into an arrangement wherein each was to take out insurance upon his own life in the sum of ten thousand dollars ($10,000) for the benefit of the Coshocton Glass Company; and that in pursuance of said arrangement, said three men, to-wit: Thos. J. Gainor, E. K. Sober and E. G. VanHorn each did procure and take out insurance on his own life in the sum of ten thousand dollars ($10,000) for the benefit of said the Coshocton Glass Company.

5. That the policy sued on in this action, being number 592,236, was one of two policies, each of the sum of five thousand dollars ($5,000) taken in pursuance of that arrangement, in the Northwestern Mutual Life Insurance Company; that on or about August 26, 1904, said Gainor applied to said Insurance Company for a five thousand dollar ($5,000) policy naming his wife, Mary M. Gainor, as beneficiary thereof; that at the request of the agent of the Insurance Company soliciting said insurance, the said Insurance Company issued two policies on that application, each for the sum of $5,000; that said agent sought to deliver both of said policies to said Gainor in an effort to have said Gainor take out $10,000 of insurance for the benefit of his said wife; that said Gainor accepted only one of said policies and refused to accept or pay for the other, the one refused being the same policy sued on in this action; that later on, and about September 13,

Coshocton Glass Co. v. Insurance Co.

1904, the said Gainor in pursuance of the arrangements entered into by said three men, to-wit: Thomas J. Gainor, E. K. Sober and E. G. VanHorn, made application to the insurance company for a five thousand dollar ($5,000) policy with the Coshocton Glass Company as beneficiary, and at the same time directed the. agent to deliver both of said policies, to-wit: that numbered 592,236 and 595,029, to the plaintiff as a part of said arrangement with said Thomas J. Gainor and said Insurance Company for taking out $10,000 of insurance on his own life for the benefit of the Coshocton Glass Company; that said policy number 592,236 was delivered to and accepted by said plaintiff with the understanding and arrangement that the. beneficiary named therein was to be changed, and the plaintiff to be named as and to become the real beneficiary; and that said policy was never delivered either to the assured Gainor, or to the beneficiary named therein, to-wit: Mary M. Gainor, his wife, but was delivered to the Coshocton Glass Company as a part of the arrangement above set forth.

6. That said policy and another policy for like amount, the latter being number 595,029, and being the same policy sued on in the case of the Coshocton Glass Company v. Northwestern Mutual Life Insurance Co. and William T. Giffen and Jasper M. Keckley as executors of the estate of Thomas J. Gainor, deceased, being case No. 4256 in the court of common pleas of Coshocton county, Ohio, were together delivered to the Coshocton Glass Company by the Northwestern Mutual Life Insurance Company on or about September 13, 1904, and that said Glass Company paid the first premium of $233.41 on each of said policies and continued to pay an annual premium thereon of like amount, on September 13, for the years 1905, 1906 and 1907; that neither said Thomas J. Gainor nor said defendant, Mary M. Gainor, paid any part of said premium, but all premiums on said policy falling due in the lifetime of said Thomas J. Gainor were paid by this plaintiff.

7. That said Gainor represented to creditors of said Glass Company and to banks, from which he was seeking to procure and did procure loans of money for said the Coshocton Glass Company, and to persons whom he sought to induce and did induce to become purchasers of stock in said Glass Company, that said two policies of insurance on his life belonged to and were assets of said Glass Company.

8. That on or about January 12, 1906, said Gainor, Sober and VanHorn sold and transferred to Hyppolyt Liewer and Charles A. Liewer all of the stock and all of the interest they had in and to said the Coshocton Glass Company, and from that time ceased to have any pecuniary interest therein, but said Gainor continued in the employ

of said Glass Company as vice-president and superintendent of its business in the manufacturing of glass bottles, until September 1, 1906, at which time on account of ill health he resigned his position, which resignation was accepted by said company and thereafter said Gainor ceased to have any connection with said Glass Company as servant, employe or otherwise; that at the time said Gainor sold his said stock in the Coshocton Glass Company to said Hyppolyt Liewer and Charles A. Liewer he represented to said purchasers that said two policies of insurance on his life belonged to and were assets of the Coshocton Glass Company.

9.   That after said Gainor, Sober and VanHorn had transferred all of their interest in said Glass Company to said Liewers, said Glass Company permitted the policies upon the lives of Sober and VanHorn to lapse, but the two policies hereinbefore mentioned on the life of said Gainor, who by September, 1906, had become in ill health, were kept in full force by the payment of the premiums thereon by said the Coshocton Glass Company.

10.   That on delivery of said policies, being numbers 592,236 and 595,029, said two policies together with the policies on the lives of Sober and VanHorn were placed in the safe of said Glass Company, and there remained in the possession of said Glass Company until surrendered to said Insurance Company when the proceeds thereof were paid into court.   Said Glass Company understood that said Policy number 592,236 had been assigned to it as beneficiary at the time same was delivered, to-wit, on September 13, 1904; that on or about January 20, 1906, said policy of insurance was assigned to Hyppolyt Liewer and Charles A. Liewer as collateral security for indebtedness owing to said Hyppolyt Liewer and Charles A. Liewer by said Glass Company, said assignment being executed by both Thomas J. Gainor and Mary M. Gainor; that thereafter and about November, 1906, said policies were taken to the attorney of said Glass Company for the purpose of securing a release of said policy from said Liewers to said Glass Company, at which time the discovery was made by the attorney of said Glass Company that said policy had never been assigned and transferred to the Glass Company in accordance with the arrangement and understanding had on or about September 13, 1906, when said policy was delivered to and accepted by said Glass Company; that thereupon for the purpose of carrying out the arrangements aforesaid, said assignment of November 16, 1906, for the considerations therein mentioned (a copy of which is attached to the petition and marked exhibit 1 and here referred to and made a part hereof)

was executed and delivered to said Glass Company by said Thomas J. Gainor and Mary M. Gainor and the said Hyppolyt Liewer and Charles A. Liewer; that no money or other consideration of value other than as set forth in said assignment of November 16, 1906, was paid to Mrs. Gainor at the time of executing said assignment.

11. That at the time said Mary M. Gainor executed the assignment of November 16, 1906, there were no false or fraudulent representations made to said defendant Mary M. Gainor by either Hyppolyt Liewer, Charles A. Liewer or the plaintiff, or by any one representing them or either of them, and that in executing said assignment said defendant Mary M. Gainor did not rely upon any false or fraudulent representations made either by said Liewers or said plaintiff, or any one representing them, or either of them.

12. That said Thomas J. Gainor died intestate on April 11, 1908, leaving the defendant Mary M. Gainor his widow, and his last will and testament which has been duly admitted to probate and record in the probate court of Licking county, Ohio, and that Jasper M. Keckley and William T. Giffen have been duly appointed and qualified by said probate court as executors of said last will and testament.

13. That on or about April 18, 1908, said plaintiff gave to the defendant, the Northwestern Mutual Life Insurance Company, due notice and proof of the death of said Thomas J. Gainor in conformity with the requirements of said policy and demanded payment thereof; that on or about April ——, 1908, said defendant Mary M. Gainor gave like notice to said Insurance Company and demanded payment of said policy, and thereafter and on or about November 23, 1908, said defendant, the Insurance Company, acknowledged its liability on said policy and paid the proceeds of said policy into court of common pleas of Coshocton county, Ohio, where the same is now being held awaiting final disposition by the court.

14. That no relation of debtor and creditor existed between said decedent Gainor and said the Coshocton Glass Company, and said policy was not issued as collateral security for a debt.

## CONCLUSIONS OF LAW.

1. That said contract of insurance was taken out by said decedent Thomas J. Gainor on his own life in favor of said the Coshocton Glass Company in good faith, and that said contract was in no sense a speculative or wagering one; that no gambling element enters into said contract of insurance, and that the payment of the premiums thereon was not a speculative investment.

2. That under the facts disclosed by the evidence and found as hereinbefore set forth, said Thomas J. Gainor had full right to make application for and to take out said policy of life insurance on his own life for the benefit of said the Coshocton Glass Company, and it is immaterial whether or not the Glass Company had an insurable interest in the life of said Gainor at the time of issuing of said policies, or that said insurable interest continued until the time of his death; and that the interest of said Glass Company in and to said policy did not lapse and said policy did not become void at the time said Thomas J. Gainor left the employ of said Glass Company.

3. That under the facts disclosed by the evidence and found as hereinbefore set forth, said defendant Mary M. Gainor never acquired or had any interest in said policy as beneficiary or otherwise; that the right as beneficiary under this policy passed to and vested in this plaintiff, the Coshocton Glass Company, upon the delivery of said policy to said Glass Company by said Insurance Company on September 13, 1904, that having been done under the arrangement of said decedent Gainor, Sober and VanHorn and the assent thereto and acceptance of said policy by said Glass Company.

4. That under the facts as disclosed by the evidence and found as hereinbefore set forth, neither said decedent, his estate, nor said defendant Mary M. Gainor had any interest, legal or equitable, in said policy at the time of the death of Thomas J. Gainor, and further, at the time of said death of said Thomas J. Gainor, said plaintiff company was, and still is the absolute owner of said policy and the proceeds thereof.

5. That the full amount of the money due on said policy and which has heretofore been paid into court of common pleas of Coshocton county, Ohio, by said the Northwestern Mutual Life Insurance Company, and is now held subject to the order of this court, except thereof so much as is necessary to pay the costs of this action, belongs to said plaintiff, the Coshocton Glass Company, and it is entitled to receive the full amount of said policy, except the amount of the costs herein and that said defendant Mary M. Gainor is entitled to receive no part of said amount.

**Pomerene & Pomerene,** for plaintiff:

In addition to the authorities cited in the *Northwestern Mutual Life Insurance Company* v. *Coshocton Glass Company,* 31 O. C. C., counsel cited: *Crittenden* v. *Insurance Co.* 41 Mich. 442 [2 N. W. Rep. 657] ; *Travelers' Ins. Co.* v. *Grant,* 54 N. J. Eq. 208 [33 Atl. Rep.

1060]; *Lord* v. *Insurance Co.* 95 Tex. 216 [66 S. W. Rep. 290; 56 L. R. A. 596; 93 Am. St. Rep. 827].

Policies of life insurance may be assigned by parol. *Barron* v. *Williams,* 58 S. C. 280 [36 S. E. Rep. 561; 79 Am. St. Rep. 840]; *State* v. *Tomlinson,* 16 Ind. App. 662 [45 N. E. Rep. 1116; 59 Am. St. Rep. 335]; *Kelso* v. *Kelso,* 16 Ind. App. 616 [44 N. E. Rep. 1013]; *Hani* v. *Insurance Co.* 197 Pa. St. 276 [47 Atl. Rep. 200; 80 Am. St. Rep. 819].

An insurable interest is not necessary in the assignee of a valid life policy. *Curtiss* v. *Insurance Co.* 90 Cal. 245 [27 Pac. Rep. 211; 25 Am. St. Rep. 114]; *Sheets* v. *Sheets,* 4 Colo. App. 450 (36 Pac. Rep. 310); *Union Fraternal League* v. *Walton,* 109 Ga. 1 (34 S. E. Rep. 317; 46 L. R. A. 424; 77 Am. St. Rep. 350); *State* v. *Tomlinson,* 16 Ind. App. 662 (45 N. E. Rep. 1116; 59 Am. St. Rep. 335); *Souder* v. *Friendly Society,* 72 Md. 511 (20 Atl. Rep. 137); *Thomas* v. *Cochran,* 89 Md. 390 (43 Atl. Rep. 795; 46 L. R. A. 160); *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24 (52 Am. Rep. 245); *Murphy* v. *Red,* 64 Miss. 614 (1 So. Rep. 761; 60 Am. Rep. 68); *Olmsted* v. *Keyes,* 85 N. Y. 593; *Valton* v. *Assurance Co.* 20 N. Y. 32; *Rawls* v. *Insurance Co.* 27 Barb. (N. Y.) 282 (84 Am. Dec. 280); *Sabin* v. *Phinney,* 134 N. Y. 423 (31 N. E. Rep. 1087; 30 Am. St. Rep. 681); *Clark* v. *Allen,* 11 R. I. 439 (23 Am. Rep. 496); *Cronin* v. *Insurance Co.* 20 R. I. 570 (40 Atl. Rep. 497); *Fairchild* v. *Life Assn.,* 51 Vt. 613; *Strike* v. *Insurance Co.,* 95 Wis. 583 (70 N. W. Rep. 819); *Bursinger* v. *Bank of Watertown,* 67 Wis. 75 (30 N. W. Rep. 290; 58 Am. Rep. 848); *Hurd* v. *Doty,* 86 Wis. 1 (56 N. W. Rep. 371; 21 L. R. A. 746); *Crosswel* v. *Indemnity Assn.,* 51 S. C. 103 (28 S. E. Rep. 200); *Eckel* v. *Renner,* 41 Ohio St. 232; *St. John* v. *Insurance Co.,* 13 N. Y. 31 [64 Am. Dec. 529].

If a policy of insurance on the life of another is issued to a person having an insurable interest in such life, an assignment of such policy to a person having no insurable interest does not render the assignment void. *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24 [52 Am. Rep. 245].

Assignment of policy and principles controlling. *Steinback* v. *Diepenbrock,* 1 App. Div. 417 [37 N. Y. Sup. 279]; *St. John* v. *Insurance Co.,* 13 N. Y. 31 [64 Am. Dec. 529]; *Valton* v. *Assurance Co.,* 20 N. Y. 32; *Olmstead* v. *Keyes,* 85 N. Y. 593; *Hogle* v. *Insurance Co.,* 29 N. Y. 567; *Palmer* v. *Merrill,* 6 Cush. (Mass.) 282; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24 [52 Am. Rep. 245]; *Tateum* v. *Ross,* 150 Mass. 440 [23 N. E. Rep. 230]; *Dixon* v. *Insurance Co.,* 168 Mass. 48 [46 N. E. Rep. 430]; *Brown* v. *Life Assn.,* 172 Mass. 498 [53 N. E. Rep. 129]; *King* v. *Cram,* 185 Mass. 103 [69 N. E. Rep. 1049]; *Rittler* v. *Smith,* 70 Md. 261 [16 Atl. Rep. 890; 2 L. R. A. 844]; *Souder* v.

Coshocton County.

*Friendly Society,* 72 Md. 511 [20 Atl. Rep. 137]; *Robinson* v. *Hurst,* 78 Md. 59 [26 Atl. Rep. 956; 20 L. R. A. 761; 44 Am. St. Rep. 266]; *Clogg* v. *McDaniel,* 89 Md. 416 [43 Atl. Rep. 795]; *Bursinger* v. *Bank of Watertown,* 67 Wis. 75 [30 N. W. Rep. 290; 58 Am. Rep. 848]; *Foster* v. *Gile,* 50 Wis. 603 [7 N. W. Rep. 555; 8 N. W. Rep. 217]; *Amick* v. *Butler,* 111 Ind. 578 [12 N. E. Rep. 518; 60 Am. Rep. 722]; *Milner* v. *Bowman,* 119 Ind. 448 [21 N. E. Rep. 1094; 5 L. R. A. 95]; *Fitzgerald* v. *Insurance Co.,* 56 Conn. 116 [13 Atl. Rep. 673; 17 Atl. Rep. 411; 7 Am. St. Rep. 288]; *Bowen* v. *Life Assn.,* 63 Conn. 460 [27 Atl. 1069]; *Martin* v. *Stubbings,* 126 Ill. 387 [18 N. E. Rep. 657; 9 Am. St. Rep. 620]; *Farmers' & Traders' Bank* v. *Johnson,* 118. Iowa 262 [91 N. W. Rep. 1074]; *Chamberlin* v. *Butler,* 61 Neb. 730 [86 N. W. Rep. 481; 87 Am. St. Rep. 478]; *Union Fraternal League* v. *Walton,* 109 Ga. 1 [34 S. W. Rep. 317; 46 L. R. A. 424; 77 Am. St. Rep. 350]; *Mechanics Nat. Bank* v. *Comins,* 72 N. H. 12 [55 Atl. Rep. 191; 101 Am. St. Rep. 650]; *Harrison* v. *Insurance Co.,* 78 Vt. 473 [63 Atl. Rep. 321; 112 Am. St. Rep. 932]; *Clark* v. *Allen,* 11 R. I. 439 [23 Am. Rep. 496]; *Bowen* v. *Life Assn.,* 63 Conn. 460 [27 Atl. Rep. 1059]; *Dixon* v. *Insurance Co.,* 168 Mass. 48 [46 N. E. Rep. 430]; *Murphy* v. *Reed,* 64 Miss. 614 [1 So. Rep. 761; 60 Am. Rep. 68]; *Rylander* v. *Allen,* 125 Ga. 206 [53 S. E. Rep. 1032; 6 L. R. A. (N. S.) 128]; *New York Mut. L. Ins. Co.* v. *Armstrong,* 117 U. S. 591 [6 Sup. Ct. Rep. 877; 29 L. Ed. 997]; *Warnock* v. *Davis,* 104 U. S. 775 [26 L. Ed. 924]; *Gordon* v. *Bank,* 132 Fed. Rep. 444 [65 C. C. A. 580; 67 L. R. A. 550]; *McNevins* v. *Insurance Co.,* 57 Misc. 608 [108 N. Y. Sup. 745].

**Flory & Flory,** for defendant.

## VOORHEES, J.

This cause and case No. 189, heard on error at this term, in many respects are similar as to the facts, yet the issues as made up by the pleadings are quite different. Mary M. Gainor in her amended answer and cross petition alleges that the plaintiff, the Glass Company, had no insurable interest in the life of Mr. Gainor, her husband, at the time the insurance policy sued on in this case was issued; but that the alleged assignment of the policy on November 16, 1906, to plaintiff company was procured through the false statements and representations made to her by Hyppolyt and Charles A. Liewer and the plaintiff, said the Coshocton Glass Company. The plaintiff by reply denies these charges of fraud and false representation. There is a failure of proof of these averments of fraud or false representations contained in the amended answer and cross petition of Mary M. Gainor. By her

testimony it is conclusively shown that no representations of any kind were made to her by either of the Liewers or any one acting for them or for the plaintiff company.

The questions of law in this case are substantially the same as those in the error case No. 189 of the *Coshocton Glass Co.* v. *Northwestern Mutual Life Insurance Co.* and the executors of Thomas J. Gainor, deceased, decided at this term; and it will not be necessary to repeat what was said by the court in its decision on the questions of law that are common in these two cases. Proceeding to consider the questions not raised or involved in case No. 189, and which are pertinent to the issues of law and fact in this case, the additional questions presented are—

1. What interest, if any, did the defendant, Mary M. Gainor, acquire or have in policy number 592,236, sued on in this case?

2. Did the defendant, Mary M. Gainor, assign her interest in said policy to the plaintiff company? If so, what is the effect of the assignment?

3. Is an insurable interest in the life of the insured in favor of the assignee of a valid life policy necessary to enable the assignee to recover the amount of the policy upon the death of the insured?

The evidence shows that policy number 592,236 was issued by the Insurance Company at the request of the agent McConnell, at a time when Mr. Gainor was getting insurance for the benefit of his wife, Mary M. Gainor, and shortly before he took out policy number 595,229 on his own life for the benefit of the plaintiff, the Coshocton Glass Company. McConnell testifies he asked his company to send him two $5,000 policies instead of one, believing that he could get Mr. Gainor to take out $10,000 of insurance for the benefit of his wife.

When the two policies were received by McConnell, the agent, he offered them to Mr. Gainor, who declined to accept the second policy, and the policy was returned to the home office of the company and was never delivered to or accepted by Mr. Gainor. At the time Mr. Gainor was getting the insurance for the benefit of his wife, he—Gainor—Sober and VanHorn were considering a proposition to take out insurance on their lives respectively, each in the sum of $10,000 for the benefit of the plaintiff company. Mr. Gainor conducted the negotiations for the contemplated policies and in connection therewith asked the agent McConnell if they could not use the said policy which had not been delivered to him, Gainor, being paid policy number 592,236, which had Mary M. Gainor's name therein as beneficiary, by assigning it to the Glass Company, plaintiff herein. Mr. McConnell advised him

that could be done, and thereupon, on Gainor's application, two policies, namely, number 592,236, the one sued on in this action, and number 595,029, the policy mentioned in error case No. 189 in this court, were delivered to the plaintiff company, with the understanding that policy number 592,236 was to be assigned to the said plaintiff company. Those facts appear in the testimony of Mr. McConnell and are not dis-- puted.

Upon the delivery of these policies to the plaintiff company, it paid the initial or first premiums on both. This is a circumstance tending to corroborate the testimony of Mr. McConnell in his statement that policy number 592,236 was to be issued in favor of the plaintiff company. These two policies together with the policies taken on the lives of Sober and VanHorn were placed in the safe of the plaintiff company, and there remained until Mr. Gainor sold his interest in the company, when they were taken out for the purpose of assigning and transferring them to the Liewer brothers as collateral security for a loan they had made to the plaintiff company; an assignment was made, Mr. Gainor and his wife, Mary M. Gainor, both joining in the assignment. It was then, about November, 1906, discovered that this policy, number 592,236 had not been transferred to the company but contained the name of Mary M. Gainor as beneficiary. Thereupon, on November 16, 1906, for a good and valuable consideration said Thomas J. Gainor and Mary M. Gainor executed and delivered to the Coshocton Glass Company the instrument in writing which was offered and received in evidence in this case; being plaintiff's exhibit No. 1 as shown in the transcript of the evidence given in the trial of this case.

As we have found from the testimony, there was no delivery of this policy number 592,236, to Thomas J. Gainor, or to the defendant, Mary M. Gainor, and neither he nor she had any interest therein at the time of the death of Thomas J. Gainor. At the time of his death, both the legal and equitable title to said policy was in the plaintiff, the Coshocton Glass Company.

We find from the testimony it was the intention of the Insurance Company to deliver this policy to the plaintiff company, and of the plaintiff company to accept the same. Therefore, we hold that a delivery of the policy under such circumstances operates as an assignment without the formality of a written contract. *Crittenden* v. *Insurance Co.*, 41 Mich. 442 [2 N. W. Rep. 657]; *Travelers' Ins. Co.* v. *Grant*, 54 N. J. Eq. 208 [33 Atl. Rep. 1060]; *Lord* v. *Insurance Co.*, 95 Tex. 216 [66 S. W. Rep. 290; 56 L. R. A. 596; 93 Am. St. Rep. 827].

Coshocton Glass Co. v. Insurance Co.

The contention of the defendant, Mary M. Gainor, that the plaintiff company had no insurable interest in the life of the assured, Thomas J. Gainor, when the policy was issued, and therefore this policy is void is not a correct statement of the law; and the decided weight of the modern adjudicated cases in this country show to the contrary. Many of the cases which hold that an assignment without interest is void, will, upon examination, be found to rest on the fact that the transaction in question was merely colorable and an attempt to obtain speculative insurance. *Eckel* v. *Renner,* 41 Ohio St. 232. As we find policy number 592,236, sued on in this case, was a policy issued in good faith in the lifetime of Thomas J. Gainor; he and said Mary M. Gainor for a good and valuable consideration, on November 16, 1906, sold, assigned and transferred absolutely said policy to the said the Coshocton Glass Company, and at the time of the death of said Thomas J. Gainor neither he nor said Mary M. Gainor had any interest, legal or equitable, in said policy. And further, at the time of said Thomas J. Gainor's death, said plaintiff company was, and still is, the absolute owner of said policy and the proceeds thereof, and entitled to recover the same.

It is, therefore, ordered, adjudged and decreed that said plaintiff recover the amount of said policy and interest as prayed for in said petition; and it is further ordered that the costs of this action be paid out of said proceeds arising on said policy; and the alleged claims of said Mary M. Gainor to said policy or its proceeds, are adjudged to be invalid, null and void.

Motion for a new trial is overruled; exceptions; twenty days for finding of fact and statutory time for bill of exceptions.

**Taggart** and **Donahue, JJ.,** concur.